# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID JERRY PAULE,<br><br>Defendant. | NO: 2:18-CR-227-RMP<br><br>ORDER HOLDING IN ABEYANCE DEFENDANT'S MOTION TO CONTINUE AND FOR MEDICAL TREATMENT |

BEFORE THE COURT is a Motion to Continue Hearing filed on January 28, 2020, for follow up medical treatment of Mr. David Jerry Paule. In the motion, defense identifies a number of medical issues that Defendant seeks to have addressed. In addition, the Motion requests a continuance of the sentencing hearing currently scheduled for February 24, 2020, which will be addressed in a separate order, and a status hearing to review other medical issues.

Following the filing of the motion, defense counsel contacted Court personnel via email to alert the Court as to immediate health concerns. Defense counsel wrote:

ORDER HOLDING IN ABEYANCE DEFENDANT'S MOTION TO CONTINUE AND FOR MEDICAL TREATMENT~ 1

> I am sorry to bother you, but I am concerned about Mr. Paule's health. The doctor at the prison has changed Mr. Paule's insulin to something called 70-30. It is not working for him, and his blood sugar is extremely high (300-500). He needs to be returned to the other medication called MPH. He submitted written complaints to the prison, but his complaints have been ignored. Please let me know if I should file another ex parte application regarding his medical condition. Thanks.

ECF No. 67.

It appears from the email that defense counsel now is seeking immediate medical assistance for Mr. Paule, intimating that Mr. Paule is suffering from extremely high sugar levels that would be better controlled by other medication. However, there is insufficient information presented to the Court on which the Court can make a reasonable decision regarding the urgency or proposed solutions to Mr. Paule's alleged medical crisis. For instance, there is no information regarding the history of Mr. Paule's sugar levels; what sugar levels would be viewed as life threatening; whether the local jail has access to "MPH," the medication that defense counsel claims would be beneficial to Mr. Paule; whether "MPH" has other contraindications that may prove problematic for the local jail to prescribe; etc.

Defense cites no authority to allow a district court to supersede the medical decisions involving an inmate's medical protocol. Nor is this Court inclined to insert itself into the local jail's decision making by ordering that specific medications be administered, especially without significantly more documentation

ORDER HOLDING IN ABEYANCE DEFENDANT'S MOTION TO CONTINUE AND FOR MEDICAL TREATMENT~ 2

about the necessity and appropriateness of such medication. The appropriate remedy at this point would be for defense counsel to contact the local USMS immediately to request assistance in obtaining immediate medical care for Mr. Paule. The Court encourages the USMS to investigate defense counsel's concerns.

Accordingly, **IT IS HEREBY ORDERED**:

1. Mr. Paule's Motion to Continue, **ECF No. 63**, is **held in abeyance**.
2. By **February 11, 2020**, the Government shall **respond** to the Motion to Continue and shall also address any objection or agreement to holding a telephonic status conference on February 24, 2020, in lieu of sentencing.
3. Any reply from Defendant shall be filed by **February 14, 2020**.
4. The Court will hear Defendant's Motion to Continue, **ECF No. 63**, **without oral argument**, on **February 17, 2020**.

The District Court Clerk is directed to enter this Order and provide copies to counsel and to the USMS.

**DATED** February 4, 2020.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER HOLDING IN ABEYANCE DEFENDANT'S MOTION TO CONTINUE AND FOR MEDICAL TREATMENT~ 3