# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>DAVID JERRY PAULE,<br><br>　　　　　　　　Defendant. | NO: 2:18-CR-227-RMP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Defendant's Motion for Reconsideration, ECF No. 75. Defendant asks this Court to reconsider its ruling at ECF No. 73, denying Defendant's motion to continue sentencing in this matter. The Court has considered the record, the motion, and is fully informed.

The Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration. *United States v. Krug*, Case No. CR 09–01148–MMM, 2012 WL 12973474, at *1 (C.D. Cal. Oct. 24, 2012). However, courts generally have held that motions for reconsideration may be filed in criminal cases and "are

ORDER DENYING MOTION FOR RECONSIDERATION ~ 1

governed by the rules that govern equivalent motions in civil proceedings." *Id*. (citing cases).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted). District courts have broad discretion in deciding whether to grant a motion for reconsideration. *Simon v. City of Phoenix*, No. CV–09–701–PHX–MHM, 2010 WL 1038606, at *1, (D. Ariz. March 19, 2010).

Defendant asks this Court to reconsider its prior order denying his requested continuance, arguing again that his medical issues should be addressed prior to sentencing and that he should be given additional time to interview his sister. *See* ECF No. 75. He does not present new arguments or new, controlling law. Through a supporting declaration, Defense counsel provides additional details about the steps taken to reach out to Defendant's sister for an interview. ECF No. 75-1. However, Defense counsel repeatedly has attempted to contact Defendant's sister about this case since October 11, 2018. *See id*. at 1. There is no basis for concluding that granting a continuance will result in Defense counsel's ability to contact Defendant's sister when Defense counsel's previous efforts have failed.

Defendant's motion does not present newly discovered evidence or an intervening change in controlling law, nor does Defendant argue that the Court committed clear error. *See* ECF No. 75. Therefore, no grounds warranting reconsideration exist.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Reconsider, **ECF No. 75**, is **DENIED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** February 19, 2020.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge